UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNIOR McHAYLE,
        Petitioner,

v.                                                  Criminal Case No:88-80858
                                                              Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
        Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**

Petitioner has filed a motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b)(6) [Doc. #100]. In his petition he alleges that this court improperly recharacterized his July 7, 1995 motion to correct presentence investigation report as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, without proper notice of such recharacterization. Petitioner requests that pursuant to the Sixth Circuit's holding in *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), this court must allow him to re-file his previous §2255 motion for consideration on the merits. For the reasons set forth below, Petitioner's motion must be GRANTED.

**I.**

Petitioner was charged in a one-count Indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1). On December 1, 1989, the jury found Petitioner guilty of the charged offense. On August 7, 1990, Petitioner was sentenced to 262 months imprisonment. On August 7, 1990, Petitioner filed a timely notice of appeal. The Sixth Circuit affirmed the conviction in an appellate mandate dated June 14, 1991. On July 7, 1995, Petitioner filed a motion to correct presentence report which this court construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This court denied that motion on October 13, 1995. On

December 1, 1995, Petitioner appealed and the Sixth Circuit dismissed the appeal on May 10, 1996. On February 7, 1997, Petitioner filed a second §2255 motion which this Court transferred to the Sixth Circuit pursuant to 28 U.S.C. §2244.  On January 29, 1998, the Sixth Circuit entered an order denying motion seeking permission to file a second §2255 motion in the District Court.  On December 2, 1998, Petitioner filed another §2255 motion.  This Court denied that motion on May 17, 1999.  On August 14, 2003, Petitioner filed another motion seeking to correct his sentence which was captioned as a motion for downward departure pursuant to Title 18 Rule 35(a), 18 U.S.C. § 3742(c), 18 U.S.C. § 3553(b), U.S.S.G. § 5K2.0.  On December 18, 2003, that motion was denied. On March 15, 2006, Petitioner filed the instant motion.

## II.

Petitioner's instant motion asserts that the court's decision in *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), requires this court to allow him to re-file his prior §2255 motion and address the merits of such motion.

The Supreme Court has addressed the issue of a court's recharacterization of a newly-filed motion as a §2255 motion without notice to the petitioner.  In *Castro v. United States*, 124 S. Ct. 786 (2003), the Supreme Court held that where a *pro se* defendant files a post-conviction motion seeking relief under a caption or legal theory other than *§2255*, the district court cannot recharacterize the motion to be a first motion under §2255 without first notifying the defendant and offering the defendant an opportunity to withdraw the motion or contest its recharacterization.  *Id*. at 791-92.  If the district court fails to notify a *pro se* defendant that it is recharacterizing a post-trial motion to be a first §2255, then that motion cannot be considered to have become a §2255 motion for purposes of applying the law's "second or successive restrictions" to later motions.  *Id*.  The

Sixth Circuit has required that district courts follow the rule which is outlined in *Castro* since July 2002.  See *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002).

Petitioner is correct in his assertion that this court recharacterized his July 7, 1995 motion as a §2255 motion without informing him of the court's intent to do so and providing him with the opportunity to withdraw or amend it.  As such, this court grants Petitioner's motion.  Petitioner must re-file his §2255 motion on or before October 31, 2006.

Additionally,

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion to vacate judgment pursuant to Fed. R. Civ. P. Rule 60(b)(6) is hereby GRANTED.

IT IS SO ORDERED.


DATED:  September 27, 2006                           s/Anna Diggs Taylor
                                                     ANNA DIGGS TAYLOR
                                                     UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail (**Junior McHayle, #41381-060, FCI Elkton, PO Box 10, Lisbon, OH 44432**) disclosed on the Notice of Electronic Filing on **September 27, 2006**.

                                                     s/Johnetta M. Curry-Williams
                                                     Case Manager