UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

MAY - 7 2007

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

JUNIOR McHAYLE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

Criminal Case No:88-80858
Hon. Anna Diggs Taylor

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. In his petition he alleges that he received ineffective assistance of counsel, that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), and that a prosecuting attorney involved with his case should be investigated for possible improper conduct. For the reasons set forth below, Petitioner's motion must be DENIED.

### I.

Petitioner was charged in a one-count Indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1). On December 1, 1989, the jury found Petitioner guilty of the charged offense. During jury deliberations, however, Petitioner absconded and was subsequently arrested approximately five months later. On August 7, 1990, Petitioner was sentenced to 262 months imprisonment. On August 7, 1990, Petitioner filed a timely notice of appeal. The Sixth Circuit affirmed the conviction in an appellate mandate dated June 14, 1991. On July 7, 1995, Petitioner filed a motion to correct presentence report which this court construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This court denied that motion on October 13, 1995. On December 1, 1995, Petitioner appealed and the Sixth Circuit dismissed the

appeal on May 10, 1996. On February 7, 1997, Petitioner filed a second §2255 motion which this Court transferred to the Sixth Circuit pursuant to 28 U.S.C. §2244. On January 29, 1998, the Sixth Circuit entered an order denying motion seeking permission to file a second §2255 motion in the District Court. On December 2, 1998, Petitioner filed another §2255 motion. This Court denied that motion on May 17, 1999. On August 14, 2003, Petitioner filed another motion seeking to correct his sentence which was captioned as a motion for downward departure pursuant to Title 18 Rule 35(a), 18 U.S.C. § 3742(c), 18 U.S.C. § 3553(b), U.S.S.G. § 5K2.0. On December 18, 2003, that motion was denied. On March 15, 2006, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b) arguing that his first motion was improperly construed, without proper notice, by this court as a motion to vacate sentence pursuant to 28 U.S.C. §2255. This court agreed and in an Order dated September 27, 2006, this court granted Petitioner permission to file a motion to vacate sentence pursuant to 28 U.S.C. §2255. On October19, 2006, Petitioner filed the instant motion.

## II.

### *INEFFECTIVE ASSISTANCE OF COUNSEL*

Petitioner's instant motion asserts that he was deprived of his Fifth Amendment right to effective assistance of counsel.

A petitioner seeking relief on grounds of ineffective assistance of counsel must show both that his lawyer's performance fell below minimal standards of constitutional adequacy and that the deficient performance so prejudiced the petitioner as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A reviewing court's examination of counsel's performance is "highly deferential." *Skaggs v. Parker*, 235 F.3d 261, 268 (6th Cir. 2000); *Cobb v. Perini*, 832 F.2d 342, 347 (6th Cir. 1987). The petitioner must show that but for the

errors of counsel the outcome of the trial would probably have been different. *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991).

### A. Attorney's alleged conflict of interest

Petitioner alleges that he knew, and had a business relationship with, his attorney prior to trial. He now alleges, for the first time, that his attorney, James Vandeilen: (1) deliberately undermined his defense so he could run the business without "interference from Petitioner"; (2) "set Petitioner up with the authorities;" (3) failed to properly investigate many of the facts surrounding his case; and (4) instructed him that it was permissible to "leave mid-trial" and that the case would reconvene at a later date causing him to be convicted in absentia.

In order to prevail on a claim of ineffective assistance of counsel based on a conflict of interest, petitioner must show both that an actual conflict of interest existed and that it adversely affected his lawyer's performance. *United States v. Mays*, 77 F.3d 906, 908 (6th Cir. 1996). Petitioner must also show that he has not waived any conflict.

Without having to meet the merits of many of Petitioner's allegations above, this court holds that it is clear that Petitioner was well aware of the possibility of a conflict of interest from the onset of this case and waived such potential conflict. Here, Petitioner admittedly had a business relationship of sorts with Mr. Vandeilen and was in the best position to recognize the possibility for a conflict at the time the case originated through the time of trial. Petitioner, however, never disclosed to the court the possibility of any conflict or that there was a problem with representation. Under these circumstances, this court must find that there was an implied waiver of any potential conflict of interest on the part of counsel. Accordingly, Petitioner's allegations of ineffective assistance of counsel based on a conflict of interest must be denied.

### B. Refusal to allow Petitioner to testify at trial

Petitioner alleges now, as he did on direct appeal, that his attorney forbade him from testifying on his own behalf at trial, advising him that the government would "have a field day" with his prior criminal history.

Petitioner is correct in his assertion that the right to testify in one's own defense is a personal one, not to be exercised by counsel alone. *Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987). However, this court is persuaded by the Seventh Circuit's observation that, "this barebones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary – and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify – to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim." *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991), *citing Siciliano v. Vose*, 834 F.2d 29, 31 (1st Cir. 1987). *Accord Pagani-Gallego v. United States*, 76 Fed.Appx. 20 (6th Cir. 2003)(unpublished).

Petitioner has offered this court no more than his version of events that transpired. This court agrees with the government that it is much more plausible that trial counsel advised his client that the possible damage to his case which may result from his criminal record far outweighed any benefit that would be received from any testimony offered by Petitioner, and that he accepted the advice. Further, McHayle never informed the court that he desired to testify on his own behalf and that counsel forbade him from doing so.

4

McHayle must establish not only that his counsel was ineffective in preventing him from testifying, but also that he was prejudiced thereby. Petitioner must show that his proposed testimony would likely have changed the outcome of the trial.

This court is not persuaded that Petitioner's proposed testimony regarding his trip to and from New York, that he feared that the DEA agents were not who they said they were, and that they led him to a car that was not his own (which contained the drugs), would have resulted in a different outcome. Many of the facts alleged by Petitioner are incredible to this court and it is highly improbable that an inability to present such testimony resulted in prejudice to him. Prejudice has not been established and Petitioner's claim of ineffective assistance of counsel in preventing him from testifying must be denied.

C.     **Failure to advise of all plea options**

Petitioner alleges that although his counsel informed him that the government offered him a plea agreement of 28 months incarceration in exchange for his cooperation, he failed to inform him of the option of entering a guilty plea where he would accept responsibility and admits to basic facts. He alleges that he was not "new to the criminal justice system"[1] and would have *considered* an open plea with acceptance of facts which would satisfy the judge to allow reduction of the base offense level for acceptance of responsibility.

To establish prejudice McHayle must show that there is a reasonable probability that he would have pleaded guilty if he had been properly advised by his attorney. *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). This court does not believe that such a showing has been made. Petitioner was offered an extremely generous plea offer of 28 months which he rejected. Petitioner now asserts that his trial attorney failed to give him competent advice about his options

---

[1] It should be noted that Petitioner had six prior convictions each allowing a sentence. *See Presentence Report, Worksheet C Subsection (3)*.

5

because he did not explain that Petitioner could plead guilty, admit to basic facts, and get a reduction in his base offense level for acceptance of responsibility. It is important to note that McHayle has maintained his innocence from the inception of this case and continues to do so. He rejected the government's initial plea offer in exchange for cooperation because he indicates that he "genuinely did not know anything or anyone who might be dealing in drugs." Therefore, this court is not persuaded that Petitioner would have even admitted to such facts which would have required him to accept responsibility for an act he maintains he did not commit.

Further, the "Acceptance of Responsibility" reduction is within the sole discretion of the sentencing judge. There is no assurance that the judge would have given him the acceptance of responsibility downward departure because it does not appear that he would have admitted to all relevant facts. In his motion, Petitioner continues to advance his position that he was in New York for a bible conference and strongly infers that he had not engaged in any unlawful activity. Therefore, to date, he still advocates his innocence in the instant matter. This court has no assurance that Petitioner would have taken a different position at the inception of the case. Now, 17 years later, McHayle, in hind sight, could certainly say that he would have done things differently if presented with all of his options, however, he still does not take such a firm position. In fact, in his own words he merely states that it is an offer he would have "considered." McHayle has not shown that he was prejudiced by any failure of his attorney to suggest that he plead to the indictment and this claim must be dismissed.

III.

### *Blakely v. Washington* and *United States v. Booker*

Petitioner argues that this court made sentencing guideline enhancements which have been found to be unconstitutional pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004) and *United*

*States v. Booker*, 543 U.S. 220 (2005). The law clearly indicates that these decisions are not applicable on collateral review. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005). As these cases are controlling at this time, Petitioner's motion on this issue must be denied.

IV.

*Investigation of Former Asst. United States Attorney Richard Convertino*

Petitioner alleges that counsel should be appointed to investigate former Assistant United States Attorney Richard Convertino ("AUSA Convertino") to determine the reason for his termination and whether any of his alleged misconducts were directly related to this case.

Former AUSA Convertino was not the prosecuting attorney assigned to this case at the time of trial. The AUSA assigned to this case at that time was former AUSA Donald Scheer. Convertino was not even employed with the United States Attorney's Office at the time of trial and his only involvement in this case was to respond to Petitioner's July 7, 1995 motion to amend the presentence report. Accordingly, there is no reason to investigate former AUSA Convertino as he had no involvement in the prosecution of this case and his involvement with the case *in toto* has been minimal. Petitioner's request for appointment of counsel to investigate AUSA Convertino must be denied.

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255 is hereby DENIED.

IT IS SO ORDERED.

DATED: MAY 7 2007

ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on 5-7-2007.

Johnetta M. Curry-Williams
Case Manager